United States District Court
Southern District of Texas

**ENTERED**

September 08, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:20-CR-573-2 |
| | § | |
| ZEANNETTE LIANNE SALAZAR | § | |

## ORDER DENYING MOTION FOR BILL OF PARTICULARS

The Government indicted Defendant Zeannette Lianne Salazar on sixteen counts related to the filing of false tax documents. D.E. 1. Fifteen of these counts—Counts 25 to 39—were brought under 26 U.S.C. § 7206(2). The Court now considers Defendant's motion for a bill particulars as to these fifteen counts (D.E. 26), as well as the Government's response (D.E. 34). For the following reasons, the motion is DENIED. D.E. 26.

## BACKGROUND

The counts subject to this motion are relatively uniform. Each follows the same general pattern laid out below:

> On or about [a specified date] . . . the defendant . . . did willfully aid and assist in . . . the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Tax Return, Form 1040 of [a specified taxpayer] for [a specified calendar year]. The return was false and fraudulent as to a material matter in that it represented that the taxpayer was entitled . . . to claim deductions and credits in amounts the defendant knew the taxpayer was not entitled to claim, resulting in a tax loss to the United States of [a specified dollar amount]. In violation of Title 26, United States Code, Section 7206(2).

D.E. 1, Counts 25–39.

**LEGAL STANDARD**

"[A] district court is vested with broad discretion in deciding whether a bill of particulars should be granted." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted). "The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (citations omitted). In denying a bill of particulars, a district court does not abuse its discretion unless a defendant is "actually surprised at trial" and thereby "substantially prejudiced." *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989).

**DISCUSSION**

Defendant argues that the indictment is insufficient under Federal Rule of Criminal Procedure 7(c)(1) because it fails to indicate which specific "deductions and credits" are false or how they are false. She further claims that such information is essential to her defense. The Government responds that the indictment alleges all elements of the charged offenses, as well as the methods—false representations regarding deductions and credits—that Defendant used to commit the offenses. It further argues that it provided Defendant with access to discovery and specifically provided her with copies of the tax forms described in the relevant counts.

The Court agrees with the Government. As an initial matter, the Court rejects Defendant's claim that the indictment is insufficient under Rule 7(c)(1). Under this rule, an indictment must "must be a plain, concise, and definite written statement of the

essential facts constituting the offense charged." Here, the challenged counts mirror the

language of 26 U.S.C. § 7206(2),[1] and cover all elements of the alleged offenses.[2] This

typically renders an indictment legally adequate. *See United States v. Grant*, 850 F.3d

209, 214 (5th Cir. 2017). Beyond that, the challenged counts specifically reveal the

relevant taxpayer, tax form, calendar year, and tax loss, as well as the Government's

general view that the allegedly false representations relate to "deductions and credits."

Defendant does not cite a single case rendering such allegations inadequate.[3]

Moreover, the Government claims to have provided Defendant with the copies of

the relevant tax forms, and Defendant does not dispute the point. A bill of particulars is

---

[1] The statute provides that:

> Any person who--
>
> . . .
>
> > (2) Aid or assistance.--Willfully aids or assists in, or procures,
> > counsels, or advises the preparation or presentation under, or in
> > connection with any matter arising under, the internal revenue laws, of
> > a return, affidavit, claim, or other document, which is fraudulent or is
> > false as to any material matter, whether or not such falsity or fraud is
> > with the knowledge or consent of the person authorized or required to
> > present such return, affidavit, claim, or document;
>
> . . .
>
> shall be guilty of a felony . . . .

26 U.S.C. § 7206(2).

[2] *See United States v. Morrison*, 833 F.3d 491, 500 (5th Cir. 2016) ("The convictions on the substantive counts of filing false tax returns should be upheld if there was sufficient evidence to support jury findings that: (1) each defendant aided, assisted, counseled, or advised another in the preparation of the tax return in question; (2) the tax return contained a statement falsely claiming income, deductions, or tax credits; (3) the defendant knew that the statement was false; (4) the false statement was material; and (5) the defendant acted willfully.") (citing 26 U.S.C. § 7206(2) and *United States v. Clark*, 577 F.3d 273, 285 (5th Cir. 2009)).

[3] *See United States v. McGilberry*, 480 F.3d 326, 329 (5th Cir. 2007) (addressing sufficiency of indictment in a firearm case); *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006) (holding lower court did not err in permitting the government to use evidence disclosed in an amended bill of particulars); *United States v. Cole*, 755 F.2d 748, 761 (11th Cir. 1985) (holding lower court did not abuse its discretion in denying bill of particulars); *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978) (holding indictment for false statements to a grand jury is not required to provide the factual basis establishing the statements' materiality); *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (determining whether lower court erred by refusing to sanction the government for failing to comply with a court order requiring a bill of particulars).

typically unnecessary in such circumstances. *See Vasquez*, 867 F.2d at 874 (5th Cir. 1989) ("[Defendant] also received open discovery by review of the government file. It is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required.") (citations omitted).

## CONCLUSION

For the stated reasons, Defendant's motion for bill of particulars is DENIED. D.E. 26.

ORDERED this 7th day of September, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE